**GREGG–HARRIET SHIRT CO., INC.,
et al.**

v.

**UPPER SOUTH DEPARTMENT OF the
INTERNATIONAL LADIES GAR-
MENT WORKERS UNION.**

Civ. A. No. 82–5601.

United States District Court,
E.D. Pennsylvania.

Aug. 9, 1983.

Richard S. Meyer, Philadelphia, Pa., for Gregg-Harriet, Inc.

Chaikin & Chaikin, Philadelphia, Pa., for ILGWU.

## MEMORANDUM

GILES, District Judge.

The plaintiff employers seek to vacate an arbitration award requiring them to make payments into a Union Fund for a category of employees termed "trial workers." The union defendant has filed a motion for summary judgment to affirm the award. For the following reasons, defendant's motion will be granted.

### I. BACKGROUND

On March 16, 1981, plaintiffs executed a collective bargaining agreement with defendant which was to "extend and renew" the prior agreement "with certain modifications." In relevant part, the renewed agreement provides:

*Article IV*

Newly hired workers shall be deemed during their first thirteen (13) weeks of employment to be engaged for a trial period, during which they may be dis-

charged without regard to cause. Thereafter they shall be deemed *regular employees* under this agreement.

*Article XIV*

The Employer *shall pay* weekly to the Union a total sum of 10 percent (10%) of its total weekly payroll ... *of all the regular nonsupervisory workers* employed in the unit.

(emphasis added).

Defendant had claimed that under the above provisions trial workers were entitled to contributions by the employer for the first thirteen week period once they had attained the status of regular employees. Plaintiffs disputed this contention. Defendant then filed for arbitration. At the hearing held on October 22, 1982, the defendant produced a "Pre-Arbitration Settlement Agreement" executed by both parties five days prior to the signing of the renewed collective bargaining agreement. The settlement agreement provided that certain delinquent contributions owed by the employer to the Union Fund in the amount of $50,809.58, would be paid for the period beginning January 1, 1978 and ending June 30, 1980. Articles IV and IX of the settlement agreement also provided that the plaintiffs "shall keep current on all contractually required contributions" and that "except as modified herein the collective bargaining agreement shall remain in force." The defendant represented to the Arbitrator that the plaintiffs' failure to pay delinquent contributions into the Fund for trial workers was part of the delinquency which had accrued under the prior bargaining agreement and which was rectified by the settlement agreement. Plaintiffs did not deny this. The Arbitrator also received evidence from defendant that in 1978 the auditor of the Union Fund had begun to include the employee trial period in determining the plaintiffs' liability to the Fund.

The Arbitrator agreed with the plaintiffs that the term "regular employee" in Articles Four and Fourteen of the renewed bargaining agreement, standing alone, did not indicate that employer payments to the Fund were to include trial workers. However, the Arbitrator accepted the defendant's uncontested representation regarding the purpose and scope of the settlement agreement and found it to be supported by language in the agreement. In particular, the Arbitrator relied upon the language *"except as modified herein ..."* to conclude that the settlement agreement clarified the existing collective bargaining agreement and the parties' intentions regarding payments under the renewed agreement.

This court must determine whether by any rational reading the arbitrator based his decision upon a proper construction of the collective bargaining agreement.

## II. DISCUSSION

■ The general interpretation of a collective bargaining agreement is a function of an arbitrator. "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960). In *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123 (3d Cir.1969), the Third Circuit stated:

[T]he labor arbitrator's award does "draw its essence from the collective bargaining agreement" if the interpretation can *in any rational way* be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.

405 F.2d at 1128. (emphasis added).

■ It cannot be said in the present case that a manifest disregard of the collective bargaining agreement is evident. The defendant's assertion that the required "delinquent contributions" made under the settlement agreement included payments for the trial workers went uncontested. No evi-

dence was introduced that the renewed bargaining agreement was negotiated or written to exclude similar contributions in the future. The settlement agreement stated that the plaintiffs would make "delinquent contributions," that they would hereafter "keep current on all contractually required contributions," and that "except as modified herein, the collective bargaining agreement shall remain in full force."

Plaintiffs assert that the Arbitrator ignored the express provisions of Articles Four and Fourteen of the renewed bargaining agreement. The Arbitrator acknowledged that on their face these articles did not require contributions for trial workers. However, finding that the settlement agreement acted as a clarification of these disputed provisions was not unreasonable. The close correlation of the language in the collective bargaining agreement and the settlement agreement signed only five days earlier bring his reliance upon the settlement agreement, as he was led to understand it, within the realm of reason. Contrary to plaintiffs' contentions, the settlement agreement could be viewed as a demonstrable clarification of the collective bargaining agreement provisions and not as a substitution of the Arbitrator's "own brand of industrial justice." *See United Steelworkers of Amer. v. Enterprise W & C,* 363 U.S. at 597, 80 S.Ct. at 1361. In *United Steelworkers v. Warrior and Gulf Navigation, Co.,* 363 U.S. 574, 581–582, 80 S.Ct. 1347, 1352–1353, 4 L.Ed.2d 1409 (1960), the Supreme Court held that arbitrators are not only confined to express labor contract provisions, but the practices of the industry and shop are equally a part of a collective bargaining agreement, although not expressed in it. *See also Ludwig,* 405 F.2d at 1128. In *NF & M Corp. v. United Steelworkers of America,* 524 F.2d 756, 757 (3d Cir.1975), the Third Circuit stated that if an arbitrator's award has deviated from the plain meaning of a labor contract provision, it must find support in the contract itself or in prior practices demonstrating relaxation of the literal language.

Once the settlement agreement was found to rectify delinquent payments for trial workers under the previous bargaining agreement, and there being no clear evidence that the renewed agreement was intended to provide differently, the settlement agreement could be properly adduced by the Arbitrator as evidence of a prior practice or "clarification" of the collective bargaining agreement—specifically, Articles Four and Fourteen, which do not, by their terms, exclude the possibility that trial workers could be covered. Since the Arbitrator's decision cannot be said to have been derived from sources other than the collective bargaining agreement, defendant's motion for summary judgment must be granted and plaintiffs' cross-motion denied.

An appropriate order follows.